IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIELANA A. WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3349-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Danielana Wade seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disabled adult child benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning in May 2001. A previous application for benefits was denied on March 6, 2002, and was not reopened. The parties' briefs were fully submitted, and on June 13, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

Claimant Danielana Wade was born in 1984, is unmarried and is dependent upon her mother. She completed the tenth grade and has no relevant work experience. She testified she was 5' 6" tall and weighed 240 pounds, but that her normal weight was about 200 pounds. She alleged disability based upon bipolar disorder, obesity, knee pain and a history of asthma. She stated that during manic episodes she would be happy and excited, and do things like writing bad checks. During her depressed episodes, which were common, she stayed in bed, was reclusive and did not care for her person hygiene.

The Administrative Law Judge (ALJ) found claimant had severe impairments which include obesity, knee pain, history of asthma, major depression and a generalized anxiety disorder. After considering the medical evidence, the ALJ determined Wade had the residual functional capacity to lift or carry 10 pounds, sit for about 6 hours in an 8-hour workday, and stand and/or walk for 2 hours in an 8-hour workday. She had an unlimited ability to push or pull. She would need a climate-controlled environment, access to inhalers as needed, and a low stress environment with very limited contact with the general public. She should have no customer service work, and her work should involve simple, repetitive tasks. Examples of jobs she could perform included final assembler and table worker.

In her brief, Wade asserts the ALJ (1) should have given greater weight to the opinion of Dr. Simpson, her treating physician; (2) failed to consider her impairments in combination; (3)

2

erred in determining her residual functional capacity; and (4) relied too heavily on the opinions of the state agency psychologists.

The ALJ considered the medical records and noted three episodes[2] where Wade went to the hospital with a cough and shortness of breath. In each instance she was prescribed medication and released. Her records did not show that she sought or received any ongoing care for obesity or knee pain.

Treatment for her mental conditions appeared to be sporadic. Claimant had a serious episode in January 2002 and was provided in-patient care for ten days. She saw Floyd Simpson, D.O., seven times for counseling between January and November 2002. She was prescribed medications, which she reported worked. She was next seen four times by Dr. Simpson between January and March 2004. In April 2004, Dr. Simpson completed a medical source statement (MSS) for mental health form in which he found claimant moderately and markedly limited in a number of areas.

In April 2004 claimant was also diagnosed with polycystic ovarian disease.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's allegations and testimony.

The evidence as a whole indicates claimant has some impairments. Nevertheless, there were relatively long periods of time when she did not seek treatment for them. Further, the MSS submitted by Dr. Simpson was not consistent with his treatment notes.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). In this case, the court does not find the ALJ committed reversible error in discounting the opinion found in the MSS of Dr.

---

[2]These were in June and December 2002 and March 2004.

Simpson. Claimant went more than a year without obtaining treatment for her mental health and at some point stopped her medications. The clinical notes after her return to treatment generally indicate she was doing well. Manic and depressive episodes which would preclude work were not documented, and her depression was treated with medications. If she was spending considerable time in bed or unable to sit for a sufficient period of time, this was not recorded by her physicians. Additionally, the medical records do not report significant problems associated with her weight.

Claimant's other assertions of error by the ALJ are not persuasive when the record as a whole is considered. For these reasons and those set forth in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 28th day of June, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4

Case 6:05-cv-03349-WAK   Document 15   Filed 06/28/06   Page 4 of 4